**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| TRINA MAY, | ) | CASE NO.   3:10-cv-0032 |
| Plaintiff, | ) ) | |
| | ) | JUDGE ZOUHARY |
| v. | ) ) | |
| | ) | MAGISTRATE JUDGE |
| MICHAEL J. ASTRUE, Commissioner of Social Security | ) ) | VECCHIARELLI |
| | ) | |
| Defendant. | ) | **REPORT & RECOMMENDATION** |

Plaintiff, Trina May, challenges the final decision of Defendant, the Commissioner of Social Security, Michael J. Astrue (the "Commissioner"), denying Plaintiff's applications for Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, 1381 *et seq*.  This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).  This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation.

For the reasons set forth below, Plaintiff's cause of action should be DISMISSED without prejudice.

## I.   PROCEDURAL HISTORY

On December 9, 2009,  Plaintiff, *pro se*, filed a bare-bones complaint challenging the final decision of the Commissioner in the Court of Common Pleas of Allen County, Lima, Ohio.  (Doc. No. 1.)  On January 7, 2010, the Commissioner filed a Notice of

Removal to the District Court. (Doc. No. 1.) The Commissioner certified that he mailed a copy of the Notice of Removal to Plaintiff that same day. (Doc. No. 1.) On January 19, 2010, however, Plaintiff, *pro se*, filed her complaint in the District Court. (Case No. 3:10-cv-131, Doc. No. 1.) The Judge presiding over Plaintiff's second case (filed on January 19) dismissed that case without prejudice because it was duplicative. (Case No. 3:10-cv-131, Doc. No. 4.)

Pursuant to the Court's Initial Order dated January 11, 2010, the Commissioner was required to file his Answer and the Administrative Record within three months after the Complaint was filed with the Court. (Initial Order 1/11/10, Doc. No. 4.) On March 9, 2010, the Commissioner sought an extension of time to file his Answer and the Administrative Record. (Doc. No. 5.) On March 10, 2010, the Court granted the Commissioner's Motion for Extension of Time. (Doc. No. 6.) The Court mailed Plaintiff a copy of the Order granting the extension that same day.

On April 7, 2010, the Commissioner filed his Answer and the Administrative Record. (Doc. Nos. 7, 8.) The Commissioner certified that copies of the Answer and Administrative Record were mailed to Plaintiff. (Doc. No. 7.) Pursuant to the Court's Initial Order, Plaintiff should have filed her Brief on the Merits within thirty days from the filing of the Answer and Administrative Record. (Initial Order 1/11/10, Doc. No. 4.) Plaintiff neither filed her brief, which was due no later than May 7, 2010 (Doc. No. 4.), nor requested an extension of time. Therefore, Plaintiff's brief was overdue.

On August 11, 2010, the Court issued an Order requiring Plaintiff to file her Brief on the Merits within fourteen days, due no later than August 25, 2010, or show cause why the case should not be dismissed. (Order 8/11/10, Doc. No. 9.) The Order further

2

provided that failure to do either may result in a recommendation that Plaintiff's claim be dismissed.  (Order 8/11/10, Doc. No. 9.)  The Court mailed a copy of the Order to Plaintiff that same day.

August 25, 2010, has now past.  Plaintiff has failed to submit her Brief on the Merits, and has failed to show cause why her case should not be dismissed.

## II.     LAW & ANALYSIS

A federal trial court may dismiss a case before it, *sue sponte*, if the plaintiff fails to prosecute, comply with the Federal Rules of Civil Procedure, or comply with a court order.  Fed. R. Civ. P. 41(b); *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 232 (6th Cir. 1983) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962)).  This measure is available to the district court as a tool to manage its docket and avoid unnecessary burdens on the tax-supported courts and opposing parties.  *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008).

However, because dismissal is harsh, it "is appropriate only if the attorney's dilatory actions amounted to failure to prosecute and no alternative sanction would protect the integrity of pre-trial procedures."  *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980).  This sanction may be applied to *pro se* litigants, and "[a]lthough *pro se* litigants are held to less stringent standards than attorneys, dismissal of a case for lack of prosecution is appropriate when a *pro se* litigant fails to adhere to readily comprehended court deadlines."  *May v. Pike Lake State Park*, 8 F. App'x 507, 508 (6th Cir. 2001) (citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)).

Here, Plaintiff has failed to prosecute her case:  Plaintiff failed to file her Brief on the Merits in a timely fashion, and upon the Court's Order.  Plaintiff's Brief on the Merits

3

is now almost four months overdue, and Plaintiff has neither moved for an extension of time, nor shown good cause for her tardiness.  Therefore, Plaintiff's case should be dismissed.  *See May*, 8 F. App'x at 508 (dismissing a *pro se* plaintiff's case when the court ordered the plaintiff to file both an *in forma pauperis* application and a new complaint, and the plaintiff filed only the *in forma pauperis application* without explanation for failing to adhere to the court's deadline).

Rule 41(b) provides that, "[u]nless the order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  However, "dismissal with prejudice is a harsh remedy not to be employed indiscriminately."  *Gooding*, 703 F.2d at 232.  It "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice."  *Id.* at 232-33 (quoting *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)) (internal quotes omitted).  Here, although there is a clear record of delay, a dismissal without prejudice will sufficiently serve the interests of justice.  *See May*, 8 F. App'x at 508.  Therefore, Plaintiff's case should be dismissed without prejudice.

### III. DECISION

For the foregoing reasons, this case should be DISMISSED without prejudice.

s/*Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: August 31, 2010

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of this notice. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order. See United States v. Walters, 638 F.2d 947 (6th Cir. 1981); Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).**